Filed 10/10/22  Marriage of Halamandaris CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of CHRIS and CATHERINE BEACOM-HALAMANDARIS.

CHRIS HALAMANDARIS,

    Respondent,

v.

CATHERINE BEACOM-HALAMANDARIS,

    Appellant.

E076933

(Super.Ct.No. FLRI2005230)

OPINION

APPEAL from the Superior Court of Riverside County. Dorothy McLaughlin, Judge. Reversed with directions.

The Zacher Firm and Dieter Zacher for Appellant.

Holstrom, Block & Parke, James R. Parke, Ronald B. Funk; and Chris Halamandaris, in pro. per., for Respondent.

1

Wife appeals an order awarding her husband $38,395 in attorney fees as the prevailing party after he successfully opposed her request for a restraining order under the Domestic Violence Prevention Act. (Fam. Code, § 6200 et seq. (DVPA).)[1] She argues, among other things, that the fee award lacks evidentiary support. We agree.

In his declaration supporting the fee request, husband's counsel disclosed only the total amount his client had incurred in his defense ($38,395); he failed to include the amount of hours he worked on the matter or his hourly rate. At the hearing on the request, the trial judge asked counsel his hourly rate ($600), then backed into the lodestar calculation by dividing the total requested fee by the hourly rate and concluding that 64 hours was a reasonable amount of time to have spent defending the restraining order request. Because this calculation was based not on evidence but on counsel's unsworn statements, we reverse the order as insufficiently supported by the record and remand the matter with directions to redetermine the fee award.

**I**

**FACTS**

Catherine Beacom-Halamandaris and Chris Halamandaris are married and live in Corona. In July 2020, Catherine filed a request for a domestic violence restraining order against Chris. However, because the appellate record contains neither her supporting declaration nor a reporter's transcript of the evidentiary hearing, we don't know the

---

[1] Unlabeled statutory citations refer to the Family Code.

substance of her allegations. In any event, on October 15, 2020, after a four-day trial, Riverside County Superior Court Judge Dorothy McLaughlin concluded Catherine had failed to meet her burden of proof and denied her request.

On December 17, 2020, Chris filed a request for attorney fees of $38,395 as the prevailing party under section 6344.[2] Chris's attorney, James R. Parke, Certified Family Law Specialist, submitted a declaration in support of the request. Parke said he was a partner at the law firm of Holstrom, Block & Parke, and had served as the managing attorney on the case. He said that from the time Chris had retained his firm "on July 31, 2020 until October 15, 2020, the date on which the Court dismissed [Catherine's] domestic violence request, [his client] incurred the total sum of $38, 395.00 in attorney's fees." He said the following services "were provided by my staff and me":

a. Multiple conferences with client;

b. Multiple email communications with client;

c. Review of domestic violence application of Catherine

d. Preparation of Responsive Declaration of Chris;

e. Prepare opening statement for Chris;

f. Preparation of questions for client for trial;

g. Preparation of cross-examination questions for Catherine;

---

[2] Section 6344, subdivision (a) provides that, in any domestic violence restraining order matter, "[a]fter notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party." (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1508.)

h. Interview potential third party witnesses;

i. Review and organize exhibits and impeachment documents;

j. Review exhibits from Catherine and prepare objections;

k. Prepare closing argument;

1. Travel to and from court appearances; and

m. Court appearances for trial and closing argument.

He said that, "[b]ased upon my legal background and experience, the total amount of fees which my staff incurred to defend [Chris] ($38,395.00), was reasonable in all aspects."

Catherine filed a response, arguing (among other things) that Chris's counsel failed to provide a basis for the requested fee by submitting invoices or other information describing how much time was spent on the matter and the associated hourly charge or charges.

The hearing on the fee request took place before Judge McLaughlin. At the outset, the judge said she found Catherine's objection to the basis for the fee amount "the most persuasive" aspect of her response, and the following exchange took place with Parke:

"THE COURT: So one piece of information that does not appear to be in what's been submitted to the Court is Mr. Parke's hourly rate. So, Mr. Parke, would you mind sharing that information, please, with the Court?

"COUNSEL: Yes, it's $600 an hour, your Honor.

4

"THE COURT: Okay. Thank you. All right. So at $600 an hour the Court calculates that's approximately 64 hours of work, and the Court would be inclined to find that that amount of work for this domestic violence restraining order is reasonable."

Catherine's counsel argued the hourly rate was not the only information missing from Parke's declaration and pointed out that Parke had not provided the rates for his staff who had worked on the matter or the hours staff had worked. The judge asked Parke to respond to the fact he had provided a list of various tasks performed "but it's not broken out in terms of time."

Parke replied, "[o]n this particular DV action this was primarily if not 100 percent of my time. This is getting ready for a hearing. I don't usually have staff do anything for me when I'm getting ready for trial. It's all me." He added, "the only thing that staff would have done on this would have been the charge for the preparation of the pleadings, which at most would have been $2,000 at the most."

Catherine's counsel responded that because Parke was not under oath and the unsworn information he was providing the court was not in his declaration, there was "absolutely no way for my client to be able to appropriately attack or argue against . . . the amount of fees." "It's completely unfair and prejudicial for my client to have to rely on this type of evidence and not be in a position to be able to oppose that which is her right. So I'm very concerned about it and I've always been concerned about it . . . . And

5

we keep peeling back the onion finding out we need more information and more information which leads to my basic argument that it's just not able to be calculated properly, and my client doesn't have the ability to argue against the declaration in a fair and reasonable and proper manner."

Parke responded, "I know the Court probably remembers this case because it went on for the four days and it was a pretty lengthy domestic violence action in live court, so I'm sure the Court does remember it. Took a lot of time. There were a lot of allegations made and we had to do a lot of preparation for this as well as present our evidence and cross-examine [Catherine]."

The judge awarded Chris attorney fees in the requested amount of $38,395, and Catherine filed a timely appeal.

## II

## ANALYSIS

Catherine argues Chris failed to carry his burden of proving he had incurred $38,395, and as a result, the fee award lacks evidentiary support. We agree.

The prevailing party seeking attorney fees "bear[s] the burden of establishing entitlement to an award and *documenting the appropriate hours expended and hourly rates*." (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 784 (*Singletary*) [cleaned up], quoting *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320, italics added.) To that end, the court may require the moving party "to produce

6

records sufficient to provide 'a proper basis for determining how much time was spent on particular claims" and "may properly reduce compensation on account of any failure to maintain appropriate time records.'" (*Singletary*, at p. 784.)

When faced with a challenge to a fee award, we defer to the trial court because they are "the best judge of the value of professional services rendered in [their] court," but our review is not unfettered. (*Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 832.) We will reverse a fee award if the court applies the wrong legal standard or if the award is not supported by substantial evidence. (See *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 92 [wrong test or standard is a ground for reversal]; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894 [reversal required if "necessary findings [are] not supported by substantial evidence"].)

Here, the judge used the lodestar method, which involves three steps. First, the court determines the actual hours counsel has spent on the case, next it subtracts any hours it finds inefficient or unreasonable, and finally, it multiplies that amount by the applicable billing rate (if it finds the rate reasonable). (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 697; *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 395.) The problem with the fee award in this case is that Parke did not provide sufficient evidence for the judge to perform these three steps.

The only evidence counsel submitted in support of the fee request was a list of tasks performed by him *and his staff* and his statement that Chris had incurred a total of $38,395 in defending the matter. Missing from the record is evidence of the number of hours spent on the case, by whom, and at what rate.

"[A] fee request ordinarily should be documented in great detail." (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587.) While time records and invoices are not required, what is required—at a bare minimum—are the "verified . . . statements of [an] attorney." (*Singletary*, *supra*, 206 Cal.App.4th at p. 785.) At bottom, "[t]he evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular [tasks], and whether the hours were reasonably expended." (*Christian Research Institute v. Alnor* , *supra*, 165 Cal.App.4th at p. 1320.)

As Catherine's counsel pointed out at the hearing, the information necessary to complete the lodestar calculation was not presented in the form of evidence. Instead, the information came from Parke's unsworn statements during the hearing. As a result, we conclude the fee award is not supported by substantial evidence and therefore remand the matter for a new determination supported by the record. Our conclusion makes it unnecessary for us to address Catherine's other challenges to the award.

## III

## DISPOSITION

We reverse the order awarding attorney fees, and we remand to the trial court to determine, based on evidence, the reasonable value of Chris's attorney fees. Respondent shall bear costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

RAMIREZ _____
P. J.

McKINSTER _____
J.

9